**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT SCOT MORRISON,**

        **Plaintiff,**                    **Case No.:**

**v.**

**FRANKLIN STREET MANAGEMENT**
**SERVICES, LLC, FRANKLIN STREET**
**FINANCIAL PARTNERS, LLC, and**
**LIGHTHOUSE HR SERVICES, LLC.,**

        **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, ROBERT SCOT MORRISON, by and through his undersigned counsel and sues the Defendants, FRANKLIN STREET MANAGEMENT SERVICES, LLC, FRANKLIN STREET FINANCIAL PARTNERS, LLC, and LIGHTHOUSE HR SERVICES, LLC, (hereinafter referred to as "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, and 1367.

2.      Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3.     Plaintiff, ROBERT SCOT MORRISON, is a resident of Pinellas County, Florida.  At all times material, Plaintiff was an employee of Defendants within the meaning of the Family and Medical Leave Act (FMLA), the Americans with Disabilities Act (ADA), and the Florida Civil Rights Act (FCRA).

4.     Defendant, FRANKLIN STREET MANAGEMENT SERVICES, LLC is a Florida Limited Liability Company authorized and doing business in this Judicial District.  At all times material, FRANKLIN STREET MANAGEMENT SERVICES, LLC employed Plaintiff.  At all times material, FRANKLIN STREET MANAGEMENT SERVICES, LLC employed the requisite number of employees and, therefore, is an employer as defined by the FMLA, ADA, and FCRA.

5.     Defendant, FRANKLIN STREET FINANCIAL PARTNERS, LLC is a Florida Limited Liability Company authorized and doing business in this Judicial District.  At all times material, FRANKLIN STREET FINANCIAL PARTNERS, LLC employed Plaintiff.  At all times material, FRANKLIN STREET FINANCIAL PARTNERS, LLC employed the requisite number of employees and, therefore, is an employer as defined by the FMLA, ADA, and FCRA.

6.     Defendant, LIGHTHOUSE HR SERVICES, LLC is a Florida Limited Liability Company authorized and doing business in this Judicial District.  At all times material, LIGHTHOUSE HR SERVICES, LLC employed Plaintiff.  At all times material, LIGHTHOUSE HR SERVICES, LLC employed the requisite number of employees and, therefore, is an employer as defined by the FMLA, ADA, and FCRA.

7.      Defendants are an integrated enterprise/single employer or joint employer.

## GENERAL ALLEGATIONS

8.      At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

9.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

10.     Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

11.     Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

12.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").  Plaintiff intends to seek leave of Court to file an Amended Complaint to include his claims under the ADA and FCRA after Plaintiff exhausts his administrative remedies and meets all conditions precedent.

## FACTUAL ALLEGATIONS

13.     In or around January 2019, Plaintiff began his employment with Defendants as a Strategic Talent Manager.

14.     Until the date Plaintiff was notified of his termination, he was given positive feedback by his superiors and was not made aware of any performance issues or other concerns.

15.     Plaintiff suffered from a serious health condition.  Specifically, Plaintiff was diagnosed with multiple broad-based disc herniations and bulges requiring a three-level

Anterior Cervical Discectomy and Fusion (ACDF) of Plaintiff's cervical spine at the C4-5, C5-6, and C6-7 levels.  Plaintiff's supervisors were well-aware of his health condition and knew that it would eventually require surgery.

16.     On or about February 25, 2020, Plaintiff had a regular meeting with his supervisor, Danielle Oliva (Vice President of Human Resources).  During the meeting, Plaintiff and Oliva discussed shifting all of Plaintiff's efforts into filling positions tasked to Oliva from Andrew Wright (CEO).   Plaintiff was instructed to drop all other work.

17.     Between February 25, 2020 and March 13, 2020, Plaintiff built out the pipeline for interviews, which was strong and growing for the tasked sales positions.

18.     On March 12, 2020, Plaintiff emailed Darlene Burgess (Human Resource Manager) and requested information pertaining to leave under the FMLA.  Plaintiff further informed Burgess that he was putting off a procedure for his neck/spine for nearly a year and Plaintiff's physician wanted to schedule an outpatient surgery in the near future.  Plaintiff also noted that he did not have an exact date for the procedure but would know in the coming days.

19.     Burgess requested that Shyra Kelly (HR Coordinator) begin Plaintiff's FMLA forms and provide to Plaintiff.

20.     On March 12, 2020, Kelly provided Plaintiff with the FMLA documents and noted that Plaintiff was eligible for FMLA leave.

21.     Shortly after receiving the FMLA information from Human Resources, Plaintiff received a meeting request for the following morning to have a performance review with Oliva. Additionally, Oliva cancelled Plaintiff's regularly scheduled meeting with Wright.

22.     On March 13, 2020, Plaintiff met with Oliva.  For nearly 20 minutes, Oliva harshly criticized Plaintiff's performance.  Then, Oliva stated: "After all of this, we've decided to let you go."  However, Oliva asked that Plaintiff work through April 17, 2020.  Plaintiff inquired as to why he was never told of any performance issues and stated that he thought it was related to his need to take time off for his health.  Immediately, Oliva, with anger, stated: "How dare you say that?"

23.     On March 16, 2020, Plaintiff emailed Oliva and informed her that he would be in the office and then begin preparing to work from home for the remainder of his time with Defendants.  Additionally, Plaintiff informed Oliva that he was going to move forward with his neck/spine surgery, and he was awaiting a date and time from his physicians.  Plaintiff also noted that he did not think that it would be for at least 2-3 weeks.

24.     On or about March 23, 2020, Plaintiff's health condition worsened, which resulted in Plaintiff going to the emergency room.   Plaintiff informed Oliva of his hospitalization via text message and continued to perform work while hospitalized.

25.     On about March 25, 2020, Plaintiff underwent a 3-level cervical fusion (ACDF) of his upper cervical spine.

26.     On or about March 27, 2020, Plaintiff submitted the Certification of Health Care Provider required by Defendants.  The Certification indicated that Plaintiff needed leave from March 24, 2020 to March 31, 2020 for surgery and recovery.

27.     Plaintiff followed-up with his treating physicians and requested a release to return to work, which his physicians provided.

28.     On March 31, 2020, Plaintiff emailed Oliva and pled that the two sides could resolve their issues, through a severance or otherwise.  Plaintiff noted that the situation was impacting his recovery from surgery.  Additionally, Plaintiff informed Oliva that he had an appointment with his surgeon that day and would start working on updated paperwork as Plaintiff would have no further restrictions other than driving.

29.     On April 1, 2020, Plaintiff emailed Oliva and informed her that his surgeon's office would be faxing update FMLA paperwork indicating that Plaintiff no longer needed FMLA leave as of March 31, 2020 and was released to return to work.

30.     Later that day, Oliva emailed Plaintiff and confirmed receipt of the updated FMLA paperwork.  However, Oliva noted: "Due to the drastic change in dates I am having our counsel review.  I will call you tomorrow to discuss status."

31.      On April 2, 2020, Oliva confirmed that Plaintiff was no longer on FMLA leave. However, Oliva stated: "Let's set up some time tomorrow or Monday to discuss your work status and continue the performance discussion."

32.     Defendants failed to restore Plaintiff to his position or a substantially equivalent position.

33.     On April 5, 2020, Plaintiff was terminated from his position with Defendants. Oliva told Plaintiff that, based on Plaintiff's email, Plaintiff did not want to be there. Defendants offered Plaintiff a week's severance.  Plaintiff asked if he could be paid through April 17, 2020 as he agreed to work, but Defendants declined.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT -- INTERFERENCE

34.     Plaintiff, ROBERT SCOT MORRISON, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

35.     Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

36.     Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendants for twelve (12) months, had at least 1,250 hours of service for the Defendants during twelve (12) months immediately preceding his FMLA leave qualification, and worked at a location where the Defendants had at least fifty (50) employees within seventy-five (75) miles.

37.     Defendants are covered employers under the FMLA in that Defendants had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

38.     Plaintiff suffered from a serious health condition within the meaning of the FMLA.

39.     Defendants' actions interfered with Plaintiff's lawful exercise of his FMLA rights.  Specifically, Defendants failed to restore Plaintiff to his position with Defendants or a substantially equivalent position and terminated Plaintiff's employment with Defendants.

40.     Defendants' actions constitute a violation of the FMLA.

41.     As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

       a.      Back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

c.      Front pay and benefits;

d.      Liquidated damages;

e.      Attorneys' fees and costs;

f.      Injunctive relief; and

g.      For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT -- RETALIATION

42.     Plaintiff, ROBERT SCOT MORRISON, realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-three (33).

43.     Defendants retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for and utilization of FMLA leave was a substantial or motivating factor that prompted Defendants to terminate Plaintiff's employment on two occasions.

44.     Defendants' actions constitute violations of the FMLA.

45.     As a result of Defendants' actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

a.      Back pay and benefits;

b.      Prejudgment interest on back pay and benefits;

c.      Front pay and benefits;

d.      Liquidated damages;

e.      Attorneys' fees and costs;

f.      Injunctive relief; and

g.      For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

46.    Plaintiff, ROBERT SCOT MORRISON, demands a trial by jury on all issues

so triable.

**DATED** this 8th day of December 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
16524 Pointe Village Dr.
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*